IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JESSE LEE ESPY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0083 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner JESSE LEE ESPY has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the revocation of his state deferred adjudication probation in Cause No. 42,853-D out of the 320th Judicial District Court of Potter County, Texas, for the offense of aggravated assault with a deadly weapon. For the reasons hereinafter expressed, the Magistrate Judge recommends petitioner's application be DENIED.

I.
PROCEDURAL BACKGROUND

On September 28, 2000, petitioner was charged by indictment in Potter County, Texas with the offense of aggravated assault with a deadly weapon. *Ex parte Espy*, App. No. 57,944-01 at 69. On January 3, 2001, pursuant to a plea agreement, petitioner pleaded guilty to the offense as charged, was given a deferred adjudication, and was placed on community supervision for a

period of four (4) years. *Id.* at 71-73. Thereafter, petitioner was alleged to have violated the terms of his supervision and on February 26, 2002, the state court adjudicated petitioner guilty and assessed petitioner's punishment at a term of eight (8) years confinement in the Texas Department of Criminal Justice, Institutional Division. *Id.* at 76-79. Petitioner appealed but later requested such appeal be dismissed which it was on September 12, 2003. *Espy v. State*, No. 07-02-00152-CR (Tex.App. – Amarillo September 12, 2003)(not designated for publication). Petitioner did not file another appeal nor did he file a petition for discretionary review.

Petitioner filed an application for state writ of habeas corpus and on January 28, 2004, the Texas Court of Criminal Appeals denied petitioner's application without written order. *Ex parte Espy*, App. No. 57,944-01 at cover.

On March 30, 2004, petitioner filed with this Court, the instant federal petition for a writ of habeas corpus.[1] On July 15, 2004, respondent DOUGLAS DRETKE filed an answer.

## II.
## PETITIONER'S ALLEGATIONS

In support of his contention that he is being held in violation of the Constitution and laws of the United States, petitioner appears to present the following grounds:

1. He received ineffective assistance of counsel during the revocation proceedings because counsel made the tactical decision to abandon an insanity defense based upon faulty information;

2. His due process rights were violated because he did not receive a full, fair and meaningful competency hearing prior to pleading "true" to the probation revocation allegations; and

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

3. Petitioner received ineffective assistance of appellate counsel.

## III.
## EXHAUSTION OF STATE COURT REMEDIES

In his answer to this petition, respondent concedes petitioner sufficiently exhausted his available state court remedies as required by 28 U.S.C. § 2254(b), (c). The undersigned Magistrate Judge has reviewed petitioner's state court records and it appears petitioner has presented, to the highest court of the State of Texas, the substance of the claims he now presents to this federal court. Therefore, it is the opinion of the Magistrate Judge that petitioner has exhausted his available state court remedies, and that this cause not be dismissed for any failure to exhaust, but instead, be decided on the merits.

## IV.
## STANDARD OF REVIEW

As stated *supra*, petitioner's case was filed July 19, 1999, subsequent to the April 24, 1996 effective date of the AEDPA. Therefore, the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 327, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed

to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

Here, the state courts, on collateral state habeas review, heard and adjudicated, on the merits, the same claims that are before this Court. More specifically, the Texas Court of Criminal Appeals, denied petitioner's application for state habeas relief without written order on the same issues presented herein . *Ex parte Espy*, App. No. 57,944-01 at cover. The rulings of the Texas Court of Criminal Appeals constitute adjudications of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Because petitioner's claims have been adjudicated in the state court system, petitioner is required to demonstrate circumstances permitting federal review and relief. This petitioner has not done.

V.
MERITS OF PETITIONER'S ALLEGATIONS

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.

Effectiveness of Counsel During the Revocation Proceeding

In his first claim, petitioner alleges he received ineffective assistance of counsel during the revocation of his deferred adjudication probation because counsel chose to forego an insanity defense based upon a flawed psychiatric report. The proper standard for judging a petitioner's

contention that he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland* standard, a petitioner must show defense counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution.

A petitioner must also show counsel's deficient performance prejudiced the defense. To establish this prong, petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial. Specifically, petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different or that the errors were so serious as to deprive the petitioner of a fair trial with a reliable result." *Id.* at 694.

In order to amount to ineffective assistance of counsel, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the profession. Counsel's performance is reviewed from counsel's perspective at the time of trial, not from hindsight. *Id.* at 689. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.*

The burden of proof in a habeas corpus proceeding attacking the effectiveness of counsel is upon the petitioner, who must demonstrate that ineffectiveness by a preponderance of the evidence. *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992), *cert. denied*, 508 U.S. 978, 113 S.Ct. 2977 (1993).

In the instant case, petitioner claims he received ineffective assistance of counsel because

counsel made the tactical decision to abandon an insanity defense based upon a faulty psychiatric report. More specifically, petitioner appears to argue his attorney failed to further investigate petitioner's history of mental illness and instead relied solely on the report of Dr. Mizell which was ordered during the revocation proceedings. First, petitioner has failed to show such psychiatric report was flawed. Second, as stated by petitioner himself, counsel made a "tactical decision." In fact, counsel argued to the trial court that petitioner had a mental illness and was in need of medications and therapy which he would not receive in prison. (Reporter's Record (RR), Vol. 2 at 39). Counsel requested the court to continue petitioner on supervised release and to order petitioner to get treatment. (*Id*.). Trial counsel's argument demonstrates she had a reasonable trial strategy. The *Strickland* analysis is highly deferential to counsel's strategic decisions. Unless such a strategic decision was, "so ill chosen that it permeates the entire trial with obvious unfairness," it cannot be the basis for a constitutional claim of ineffective assistance. *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997)(internal cite omitted).

To the extent petitioner argues that contrary to a psychiatrist's report, he was not sane at the time of the intervening crime in August of 2001, for which he was arrested and revocation proceedings initiated, and that counsel erred in relying solely on such report, such was not the only basis for revocation. Petitioner acknowledged and supporting testimony was taken from a supervisor at the Community Supervisions Department about the fact petitioner left town without permission after he was released from custody in August of 2001, and that he had failed to report to his probation officer as required. (RR, Vol. 2 at 30-35). Even assuming *arguendo* counsel was ineffective for failing to conduct a separate psychiatric investigation, petitioner has not shown how he was prejudiced. Further, petitioner has failed to demonstrate the decision of the Court of Criminal Appeals denying habeas relief was unreasonable. For these reasons,

petitioner's first claim must fail.

## Due Process

In his second claim, petitioner argues his due process rights were denied because he did not receive a full, fair and meaningful competency hearing before pleading "true" to the probation revocation allegations.  However, as argued by respondent, prior to the plea of "true," petitioner was evaluated by a court-appointed psychiatrist who determined petitioner was competent to participate in the probation revocation proceedings.  (Respondent's Brief at 8 citing *Ex parte Espy* at 47).  Petitioner's claim must fail because he has not shown prejudice.  Even if a formal competency hearing had been held, petitioner has not demonstrated how the outcome would have differed.  A psychiatric report was ordered by the court and petitioner was determined to be competent.   Petitioner has provided nothing to this Court demonstrating he is entitled to federal relief and for these reasons, petitioner's second claim must fail.[2]

## Effectiveness of Appellate Counsel

Petitioner's next and final argument is that he was denied the effective assistance of appellate counsel.  Appellate counsel, after reviewing the record, filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and stated that, in his opinion, no issues had been preserved for appeal. *Espy v. State*, No. 07-02-152-CR, Brief of Appellant at 2.  Petitioner was informed of his right to file a *pro se* brief but he opted not to do so instead filing a motion to withdraw his appeal.  *Id*. attachment; "Appellant's Written With Drawel (sic) of his Appeal."  (August 26, 2003).  Petitioner has failed to show prejudice.  Even if appellate counsel had urged the issues discussed above, petitioner has failed to

---

[2] To the extent petitioner also argues his trial counsel was ineffective for failing to provide petitioner with a competency hearing, petitioner's claim must fail for again he has failed to demonstrate prejudice under *Strickland*.

demonstrate the outcome would have been different. This claim must fail.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus filed by petitioner JESSE LEE ESPY be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>24th</u> day of March 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United

States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).